# SUGGESTED ALTERNATIVE
## FAST-TRACK
### READ 2ND

This is an expedited alternative to effect a Final Judgment for Case No. 2:15-cv-2279 in the U.S. District Court for the District of Nevada. Keep separate from General Instructions documents. Please recognize the following pages:

A) <u>One (1) page re Cover Letter to Clerk of Court</u>

    a) Plaintiff is to sign at bottom, and

    b) Plaintiff is to return this item to KT via overnite next day delivery.

B) <u>Two (2) pages re Request for Judgment with proposed Final Judgment</u>

    a) Plaintiff is to sign and date, day & month as 25 July, Request at lower portion in 2 places where indicated, and

    b) Plaintiff is to return this item to KT via overnite next day delivery.

C) <u>Three (3) pages re Notice of Acceptance of Offer of Judgment</u>

    a) There is one (1) for each named defendant;

    b) Plaintiff is to date, day & month as 25 July., each the same in ¶'s 1, 3 and 4 where indicated;

    c) Plaintiff is to sign in 2 places @ ¶'s 3 and 5 where indicated, and

    d) Plaintiff is to return these items to KT via overnite next day delivery.

D) <u>Three (3) pages re Offer of Judgment</u>

    a) Plaintiff is to sign ONLY page 6 of 32 @ bottom on line where indicated;

    b) KT is to sign ONLY page 6 of 32 @ bottom on line where indicated for defendant HARRIS;

    c) Plaintiff is to sign ONLY page 10 of 32 on line where indicated;

    d) Plaintiff is to sign ONLY page 11 of 32 on line where indicated;

    e) KT is to sign ONLY page 11 of 32 on line where indicated, and

    f) Plaintiff is to return these items to KT via overnite next day delivery.

E) <u>Three (3) pages re Notice of Non-Monetary Arbitration ( letter to AAA)</u>

    a) KT is to sign ONLY on line where indicated for defendant HARRIS @ page 3 of 3;

    b) Plaintiff is to sign ONLY in 2 places on pages 2 and 3 of 3 where indicated and HOLD this docuemnt until the Final Judgment is issued by Clerk of Court, and

    c) At the moment the Final Judgment is issued Plaintiff is to send this 3 page letter to AAA with a copy to defendants and privities @ addresses indicated at bottom of page 2 of 3.

PROCEDURES::

    Upon KT's receipt of the suggested alternative fast-track docuemnts, 13 pages, he is required to sign all pages where indicated for defendants and then forthwithly contact OIII/VB see contact infirmation in General Instructions, for arrangements telling him that he is sending docs via overnite next day delivery for plaintiff to sign and return back to him asap for KT's hand-delivery filing with the Clerk and KT's in person waiting with Clerk for issuance of the Final Judgment, as per 2nd page of B above, Request for Judgment with proposed Final Judgment.

    KT is to get back from Plaintiff 10 signed pages and Plaintiff is to keep the 3 pages, letter to AAA signed by her & KT for defendant HARRIS, that she will send off to AAA, defendants and privities as soon as Final Judgment is issued by Clerk.

    KT, after sending fast-track docs, 13 pages, to OIII/VB will follow the General Instructions for ALL other documents requiring defendants' signing and dating, as day & month 19 July, except those docs which were sent to OIII/VB for Plaintiff's attention.

    Plaintiff is to return signed and dated 10 pages via overnite next day delivery to KT, at which time KT will exchange these completed pages for the unsigned copies in his possession and then reassemble the entire 3rd & final filing in its totality, making certain that no instruction pages have been included and that all docs requiring to be stapled have been. *Refer to General Instructions for clarity.*

    At this point, KT, after a final inspection of the reassembled filing, is to hand-deliver the filing to the Clerk's office and ask for issuance of the Final Judgment, as referenced in B above.

    It is suggested that KT take a valid photo ID with him to the Clerk's office to prove his status as a party thru poa, which is attached @ pages 32 of 32A, 32 of 32B and 32 of 32C of the Offer of Judgment, that entitles KT to receive a copy of the Final Judgment, as per 2nd page of B above of the Request for Judgment with proposed Final Judgment.

    KT is to wait if possible for issuance of the Final Judgment or ask what time he can return to pick it up, or whatever else is worked out to **conveniently** obtain it.

    At all times during this process, KT is to openly/actively communicate with OIII or VB or to a third contact, Don Harris (DH), son of defendant, phone @ 609.513.9174, email @ donharris.ac@icloud.com, to get this filing completed. See also contact information in General Instructions for OIII & VB.

    This fast-track process is an option and your choice to do as you see fit. Should anyone want a copy of the final filing, they can simply go to PACER.gov after it has been filed and download a copy at their leisure.

Plaintiff is to make copy/scan and retain pages 6, 10 and 11 of 32 for her records as well as a copy of her signed letter to AAA. This is VERY IMPORTANT!!!!

KT will have unsigned copies that he is to retain should items get lost in mailing to OIII for Plaintiff's signing or otherwise.

Please DO NOT DISCARD ANY DOCUMENT until the Final Judgment has been issued by the Clerk of Court.

KT, please keep these pages stapled. You are able to copy the directions for this fast-track process with them attached; including signing them as well.

Plaintiff is to detach her 3 page letter to AAA and send 10 pages to KT via overnite next day delivery asap.

We need to get to arbitration as soon as possible to resolve our situations!!!!

We sincerely appreciate and thank you all for your kind and prompt attention to these matters.

Please use blue ink when signing & dating documents!!!!

F) Promissory Note - Extension No. 1

    a) KT is to send plaintiff this document for her signature where indicated on the note as the assignee/maker.

    b) After plaintiff signs on line where indicated, she is to return the note to KT for his acceptance by his signing for the defendant where indicated.

    c) Upon KT's receipt and acceptance of the note extension no. 1, along with copies of the other 2 promissory note extension no. 1's (See Instructions - #13) in a safe/secure place until time for their use.

    d) KT is to send plaintiff a copy of the newly accepted note referenced in ¶ a above for her records.

Note: Please use blue ink when signing where possible.

25 July, Common Era 2016

Clerk of Court
United States District Court
For the District of Nevada
333 Las Vegas Blvd. South
1st Floor
Las Vegas, NV 89101-7065

Re: <u>Case No. 2:15-cv-2279</u>   (BAILEY v. HARRIS, ET AL.)

Greetings:

    Please recognize the following document for filing, Request For Judgment, in the above referenced case. Please note Plaintiff's address for your records.

    Thank you for your kind and prompt attention to this matter.

                                    Sincerely,

                                 by: _____
                                     VIANA V. BAILEY
                                     Plaintiff
                                     124 N. Virginia Avenue
                                     Atlantic City, N.J. 08401

encls.
cc: Defendants
    file

VIANA V. BAILEY (609)742-7804
124 N. Virginia Avenue
Atlantic City, N.J. 08401

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

VIANA V. BAILEY,
        Plaintiff,

v.

WILLIAM OSCAR HARRIS, ET AL.,
        Defendants.

Case No. 2:15-cv-2279

REQUEST FOR JUDGMENT, Fed.R.Civ.P. 68

AFFIRMATION AND VERIFICATION, 28 USCS § 1746 (1)

To: Clerk of Court.

As are being filed concurrently with this timely Request, are true copies of the following documents as they relate to each of the three (3) named defendants, i.e. WILLIAM OSCAR HARRIS, ROBERT DAVID NEAL and RALPH TAYLOR:

    a) Notice of Acceptance of Offer of Judgment, Fed.R.Civ.P. 68;
    b) Offer of Judgment, Fed.R.Civ.P. 68;
    c) Certificate of Service, see Acceptance of Offer of at ¶ (a) above, and
    d) Claim for Mandatory Judicial Notice Nos. 1, 2, 3, 4, 5 and 6.

Pursuant to the mandatory provisions of Fed.R.Civ.P. 68 (a), this Plaintiff hereby requests that the Clerk of this Court enter one (1) final judgment herein, as specifically required in the attached executed Offer of Judgment, fully incorporating ALL of the terms and conditions embodied therein, and the evidentiary documents being filed concurrently herewith as denoted in ¶ (d) above, as they relate to each of these three (3) named defendants and ALL of the parties in privity recorded in these and other court-filed documents or otherwise, without further delay. See attached proposed Final Judgment.

## AFFIRMATION AND VERIFICATION

In accordance with 28 USCS § 1746 (1), under the pains and penalties of perjury, I do hereby affirm and verify that the foregoing is ALL true, correct, certain, complete and not misleading as done, signed and presented this 25 day of July, Common Era 2016.

        by: _____
        VIANA V. BAILEY, Plaintiff

## CERTIFICATE OF SERVICE

On this 25 day of July, Common Era 2016, I did place the foregoing in the U.S. Mails as follows:

WILLIAM OSCAR HARRIS
907 Cornerstone Place
Las Vegas, NV 89031

ROBERT DAVID NEAL
907 Cornerstone Place
Las Vegas, NV 89031

RALPH TAYLOR
907 Cornerstone Place
Las Vegas, NV 89031

        by: _____
        VIANA V. BAILEY, Plaintiff
        124 N. Virginia Ave.
        Atlantic City, N.J. 08401

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| VIANA V. BAILEY,<br>       Plaintiff,<br>v.<br>WILLIAM OSCAR HARRIS, ET AL,<br>       Defendants. | Case No. 2:15-cv-2279<br><br>FINAL JUDGMENT, Fed.R.Civ.P. 68 |

1.  Final Judgment is hereby entered in Favor of the Plaintiff pursuant to Fed.R.Civ.P. 68.

2.  This Final Judgment is taken in accordance with the terms and conditions of the unconditionally accepted "Offer of Judgment, Fed.R.Civ.P. 68."

3.  This Final Judgment ratifies and fully incorporates six (6) documents filed therewith entitled "Claim For Mandatory Judicial Notice, Nos. 1, 2, 3, 4, 5 and 6."

4.  The direct parties to these proceedings and all of their privities are hereby ordered to binding arbitration to resolve their ongoing controversies, forevermore.

5.  These arbitration proceedings shall be conducted in compliance with the Arbitration Agreement and Contract at page 4 of 6 of the initial Complaint, as Docket Entry No. 1.

    IT IS SO ORDERED.

Date:_____

                                                    by:_____
                                                         Clerk of Court

VIANA V. BAILEY (609)742-7804
124 N. Virginia Avenue
Atlantic City, N.J. 08401

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

VIANA V. BAILEY, )  Case no. 2:15-cv-2279
        Plaintiff, ) NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT,
)   Fed.R.Civ.P. 68(a),
v. ) CERTIFICATE OF SERVICE,
) AFFIRMATION AND VERIFICATION, 28 USCS §
WILLIAM OSCAR HARRIS, ET AL., )    1746(1).
        Defendants. )

To: WILLIAM OSCAR HARRIS, Defendant

    HEREBY TAKE NOTICE that I, VIANA V. BAILEY, the Plaintiff in this cause of action, hereby ACCEPTS the Offer of Judgment, Fed.R.Civ.P. 68, that you, WILLIAM OSCAR HARRIS, defendant, have served upon me this _____ day of _____, 2016.

    Take note that I fully agree that this judgment to be taken will fully incorporate ALL of the terms and conditions you have detailed in your Offer of Judgment, which ratifies and fully incorporates, for conclusive evidentiary purposes, the accompanying six (6) documents entitled "Claim for Mandatory Judicial Notice Nos. 1, 2, 3, 4, 5, and 6" that are being filed concurrently herewith, giving res judicata and collateral estoppel effect to ALL of these matters forevermore.

AFFIRMATION and VERIFICATION

    In accordance with 28 USCS § 1746(1), under the penalties of perjury, I do hereby certify that the foregoing is all true, correct, certain and not misleading, i.e. the facts of the matter. Executed this 25 day of July, 2016.

by: _____
      VIANA V. BAILEY, Plaintiff

CERTIFICATE OF SERVICE

    On this 25 day of July, 2016, I did place the foregoing in the U.S. Mails as follows:

        WILLIAM OSCAR HARRIS and the other defendants
        907 Cornerstone Place
        Las Vegas, NV 89031

    Under the penalties of perjury, re 28 USCS § 1746(1), I do hereby certify that the foregoing is all true, correct and certain.

by: _____
      VIANA V. BAILEY, Plaintiff
      124 N. Virginia Avenue
      Atlantic City, N.J. 08401

VIANA V. BAILEY (609)742-7804
124 N. Virginia Avenue
Atlantic City, N.J. 08401

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

VIANA V. BAILEY ,  )  Case no. 2:15-cv-2279
   Plaintiff,  )  NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT,
v.  )   Fed.R.Civ.P. 68(a),
  )  CERTIFICATE OF SERVICE,
WILLIAM OSCAR HARRIS, ET AL.,  )  AFFIRMATION AND VERIFICATION, 28 USCS §
   Defendants.  )   1746(1).

To: ROBERT DAVID NEAL,  Defendant

 HEREBY TAKE NOTICE that I, VIANA V. BAILEY, the Plaintiff in this cause of action, hereby ACCEPTS the Offer of Judgment, Fed.R.Civ.P. 68, that you, ROBERT DAVID NEAL, defendant, have served upon me this ___ day of ___, 2016.

 Take note that I fully agree that this judgment to be taken will fully incorporate ALL of the terms and conditions you have detailed in your Offer of Judgment, which ratifies and fully incorporates, for conclusive evidentiary purposes, the accompanying six (6) documents entitled "Claim for Mandatory Judicial Notice Nos. 1, 2, 3, 4, 5, and 6" that are being filed concurrently herewith, giving res judicata and collateral estoppel effect to ALL of these matters forevermore.

### AFFIRMATION and VERIFICATION

 In accordance with 28 USCS § 1746(1), under the penalties of perjury, I do hereby certify that the foregoing is all true, correct, certain and not misleading, i.e. the facts of the matter. Executed this 25 day of July, 2016.

     by: _____
       VIANA V. BAILEY, Plaintiff

### CERTIFICATE OF SERVICE

 On this 25 day of July, 2016, I did place the foregoing in the U.S. Mails as follows:

   ROBERT DAVID NEAL and the other defendants
   907 Cornerstone Place
   Las Vegas, NV 89031

 Under the penalties of perjury, re 28 USCS § 1746(1), I do hereby certify that the foregoing is all true, correct and certain.

     by: _____
       VIANA V. BAILEY, Plaintiff
     124 N. Virginia Avenue
     Atlantic City, N.J. 08401

VIANA V. BAILEY (609)742-7804
124 N. Viriginia Avenue
Atlantic City, N.J. 08401

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| VIANA V. BAILEY, <br>     Plaintiff, <br> v. <br> WILLIAM OSCAR HARRIS, ET AL., <br>     Defendants. | ) Case no. 2:15-cv-2279 <br> ) NOTICE OF ACCEPTANCE OF OFFER OF JUDGMENT, <br> )  Fed.R.Civ.P. 68(a), <br> ) CERTIFICATE OF SERVICE, <br> ) AFFIRMATION AND VERIFICATION, 28 USCS § <br> )  1746(1). |

To: RALPH TAYLOR, Defendant

HEREBY TAKE NOTICE that I, VIANA V. BAILEY, the Plaintiff in this cause of action, hereby ACCEPTS the Offer of Judgment, Fed.R.Civ.P. 68, that you, RALPH TAYLOR, defendant, have served upon me this ___ day of ___, 2016.

Take note that I fully agree that this judgment to be taken will fully incorporate ALL of the terms and conditions you have detailed in your Offer of Judgment, which ratifies and fully incorporates, for conclusive evidentiary purposes, the accompanying six (6) documents entitled "Claim for Mandatory Judicial Notice Nos. 1, 2, 3, 4, 5, and 6" that are being filed concurrently herewith, giving res judicata and collateral estoppel effect to ALL of these matters forevermore.

AFFIRMATION and VERIFICATION

In accordance with 28 USCS § 1746(1), under the penalties of perjury, I do hereby certify that the foregoing is all true, correct, certain and not misleading, i.e. the facts of the matter. Executed this 25 day of July, 2016.

by: _____
VIANA V. BAILEY, Plaintiff

CERTIFICATE OF SERVICE

On this 25 day of July, 2016, I did place the foregoing in the U.S. Mails as follows:

RALPH TAYLOR and the other defendants
907 Cornerstone Place
Las Vegas, NV 89031

Under the penalties of perjury, re 28 USCS § 1746(1), I do hereby certify that the foregoing is all true, correct and certain.

by: _____
VIANA V. BAILEY, Plaintiff
124 N. Virginia Avenue
Atlantic City, N.J. 08401

# ASSIGNMENT

EXHIBIT A

STATE OF NEVADA          :
                         : Affirmed and signed.
CLARK COUNTY             :

BE IT KNOWN, that the undersigned, using the mark WILLIAM OSCAR HARRIS, as Assignor, having been entitled to three (3) proper Invoices Nos. delineated herein as follows: a) NC72012-2, a/k/a BOP ref. no. TRT-NCR-2012-05556, in the sum certain amount of One Million One Hundred Eight Thousand ($1,108,000.00 USD) Dollars, as evidenced in Exhibit A affixed hereto and made a part hereof at page 6 of 31 herein; b) DJN060850-T7, in the sum certain amount of One Hundred Fifty Million Five Hundred Four Thousand Nine Hundred Twenty-six ($150,504,926.00 USD) Dollars, in Exhibit 1 at page 14 of 31 hereof, and c) RL71132-4, in the sum certain amount of One Million One Hundred Six Thousand ($1,106,000.00 USD) Dollars, as evidenced in Exhibit 2 at page 22 of 31 hereof, is desirous of assigning, for fair and valuable consideration, these said proper Invoices, re laws to principal, agent, successors and assigns applying, to wit:

1. This effective Assignment for value of these said proper Invoices has as its underlying collateral debt obligations arising in tort. See Exhibit B at pages 7 thru 8 herein and Exhibit 1 at pages 15 thru 16 and Exhibit 2 at pages 23 thru 24 hereof.

2. This Assignment of these said proper Invoices, without recourse, is valid and fully enforceable under the laws of the United States, New Jersey state, Indiana state, California state, Pennsylvania state, New York state and the Disrtict of Columbia or otherwise, which serve as the controlling legal authorities regarding its creation, enforcement and interpretation in this matter.

3. This Assignment is made to VIANA V. BAILEY as the Assignee, specifically to effect and facilitate the collection and liquidation of the sums due and owing from these said proper Invoices. See Exhibit E at pages 11 thru 12 hereof.

4. The consideration of this Assignment of these said proper Invoices is embodied in the Promissory Note attached hereto as Exhibit C at Page 9 of 31 herein.

5. This Assignment of these said proper Invoices, negotiable instruments and documents of title, as per the uniform statute as evidenced at District of Columbia Code Sections 28-1:201, 28-3:203, 28-3:302, 28-5:102, 28-7:104 and 28-9:109 or otherwise, as adopted by all 50 states, is made freely and consentually by this Assignor for use by this Assignee.

6. This Assignor conveys, as a result of this Assignment of these proper Invoices, all rights, title and interest in these proper Invoices forevermore.

7. This Assignment of these said proper Invoices, with all rights, title and interest thereof, does not abrogate this Assignor's rights, re any dispute and/or controversy, whatsoever, related herewith to be subject to compulsory and binding arbitration for their resolution in accordance with the terms and conditions of the Arbitration Agreement and Contract, see Exhibit D at page 10 of 31 herein, including the underlying arbitration agreement provisions for the said proper Invoices, by and between this Assignor and this Assignee, purusant to the Federal Arbitration Act as evidenced by 9 USCS § 1 et seq., and the Uniform Arbitration Act as adopted by the states referenced in ¶ 2 above, among others.

## AFFIRMATION AND VERIFICATION

Under the pains and penalties of perjury, re 28 USCS § 1746 (1), this Assignor affirms and verifies, upon full commercial liability, the contents herein are certain, correct, complete and not misleading, the truth, the whole truth and nothing but the truth as done, signed and presented this 16th day of June , Common Era 2015.

by /s/ _____ Dated: 06/16/2015          by: /s/ _____
VIANA V. BAILEY    , Assignee                     WILLIAM OSCAR HARRIS, Assignor
3 Manitoba Avenue                                 907 Cornerstone Place
Brigantine, N.J. 08203                            Las Vegas, NV 89031

P R O M I S S O R Y   N O T E                                    EXHIBIT   C

I, as the Assignee of three (3) proper Invoices from this Assignor, WILLIAM OSCAR HARRIS, as the Priority Claim Holder thereof, do promise to pay as follows:

    Invoice No. NC72012-2 — Ninety Percent (90%);

    Invoice No. DJN060850-T7 — Ninety-five Percent (95%), and

    Invoice No. RL71132-4 — Ninety Percent (90%),

of the value received hereto prior to 365 days of their effective assignment, or ten (10) days from their due liquidation and collection, whichever comes first, without defalcation for the value received, and as is unconditionally due.

Date due: June 15, 2016

_____
Assignee's/Maker's Signature

VIANA V. BAILEY
_____
Assignee's/Maker's Printed Name

3 Manitoba Avenue
_____
Assignee's/Maker's Street Address

Brigantine, N.J. 08203
_____
Assignee's/Maker's City and State

EXHIBIT A

ARBITRATION AGREEMENT AND CONTRACT          EXHIBIT D

For the due consideration as provided in the accompanying Assignment between the Parties of the even date, i.e. sentients known by the names of VIANA V. BAILEY, as Assignee, and WILLIAM OSCAR HARRIS, as Assignor, with which this instant Arbitration Agreement and Contract ("Agreement"), is conclusively ratified and fully incorporated therein for the enforcement thereof, the parties do agree and confirm as follows:

1. In accordance with the Federal Arbitration Act as evidenced by 9 USCS § 1 et seq., the laws of the states of California, Indiana, New Jersey, Pennsylvania, Nevada and the District of Columbia or otherwise, ALL past, present and future controversies, claims, disputes and/or issues arising out of this proper Assignment, re Invoice Nos. NC72012-2, DJN 060850-T7 and RL71132-4, including the underlying arbitration agreement provisions of these said proper Invoices, shall be subject to compulsory and binding arbitration.

2. The arbitrator(s) appointed hereunder, and NOT any federal, state or local court or agency, shall have exclusive jurisdiction and authority to resolve any dispute relating to the interpretation, applicability, enforceability and/or formation of this Agreement, including but not limited to any and all claims that this Agreement and the proper Assignment are void or voidable.

3. Any such claim shall subject the Parties, giving three (3) days Notice, to compulsory and binding arbitration conducted by the American Arbitration Association ("AAA"), in accordance with the AAA's Commercial Arbitration Rules, which shall govern the proceeding.

4. The judgment on the award rendered by the arbitrator(s) may be entered into any court having jurisdiction thereof for execution and enforcement.

5. Such arbitration shall be conducted by a panel constituted of three (3) arbitrator(s), one (1) each selected by the two (2) Party(ies) to the arbitration, and a third arbitrator selected by the two (2) chosen arbitrator(s). All arbitration proceedings shall be held at a mutually agreeable location. The arbitrator(s) shall all be members, in good standing, of the AAA.

6. The decision of the arbitrator(s) shall be final and binding upon the Parties to the arbitration, and no statutory right or otherwise shall exist to relitigate the issues involved.

7. Any and all costs and fees, including any pre-award expenses and fees of any kind, whatsoever, associated with the arbitration, whether for monetary or non-monetary claims, shall be borne solely by the Party who has refused, neglected or failed to comply with the Assignment, thus compelling an arbitration resolution.

8. The judgment on the award shall be rendered by the arbitrator(s) no later then three (3) calendar days from the date of the closing of the hearing, which is inclusive of the AAA's transmittal of the final statement and proofs to the arbitrator(s).

Further, this Agreement shall be deemed to be valid, irrevocable and enforceable upon the Parties. Respectfully done, prepared, signed and presented this 16th day of June, Common Era 2015.

by: _____
VIANA V. BAILEY
Assignee
3 Manitoba Avenue
Brigantine, N.J. 08203

by: _____
WILLIAM OSCAR HARRIS
Assignor
907 Cornerstone Place
Las Vegas, NV 89031

Common Era 2016

Ms. A. Kelly Turner, Esq.　　　　　　　　　Notice Of Non-Monetary Arbitration, and
American Arbitration Association
150 N. Michigan Avenue　　　　　　　　　　Application For Appointment Of An Emergency
Suite 3050　　　　　　　　　　　　　　　　Arbitrator
Chicago, IL 60601

Re: Case No. : 2:15-cv-2279
　　Case Name: BAILEY v. HARRIS, et al.
　　Court　　 : U.S. District Court/District of Nevada

Greetings Ms. Turner:

　　In a final judgment entered in the above referenced proceeding, ALL of the parties thereto, plus certain individuals designated as "parties in privity," or tortfeasors, in the court records have been ordered to an arbitration proceeding to be conducted by your organization. A copy of the court-ratified Arbitration Agreement and Contract is affixed hereto as Exhibit A for your perusal.

　　In this court-ordered arbitration proceeding, which has been agreed to by this Plaintiff and the 3 defendants, certain individuals designated as parties in privity are being required to appear, along with this Plaintiff and these 3 defendants, and show cause as to why each, individually, is not legally bound by this final judgment and thus not subject to all of its terms and conditions, via the legal doctrine of res judicata. See ¶ 5 of this Offer of Judgment as incorporated and ratified in the final judgment.

　　As per ¶ 4 of this Offer of Judgment, at page no. 2 thereof, the appointment of an emergency arbitrator has been ordered by the court pursuant to Rule R-38 of your organization's Commercial Arbitration Rules. This judgment-mandated appointment is necessary and appropriate because these designated parties in privity, operating in open defiance of this final judgment, have refused to comply with the terms and conditions thereof by continuing to impair these 3 defendants' efforts to fulfill their obligations to this Plaintiff, while also restraining the due liberty interests of these 3 defendants' person and property.

　　This final judgment, having incorporated and ratified this Offer of Judgment, identifies 13 of these parties in privity specifically, by name, as follows:

　　　Charles E. Samuels, Jr.　　　　　　　　　Kathleen M. Kenney
　　　Richard W. Schott　　　　　　　　　　　　Charles A. Daniels
　　　Clint Swift　　　　　　　　　　　　　　　Michael Sample
　　　Katherine Seireveld　　　　　　　　　　　Travis Weber
　　　F. Timothy Coleman　　　　　　　　　　　 Paul M. Laird
　　　Evelyn Keller　　　　　　　　　　　　　　Leann LaRiva
　　　Mark Smith,

and each, including successors and assigns, can be reached through the FBOP, 320 First Street, NW, Washington, DC 20534, telephone no. (202)307-2105.

　　The court, in ¶ 6 of this court-ratified Offer of Judgment at page no. 2 thereof, has already recognized and sanctioned injunctive relief as a required remedy to secure due compliance with this final judgment by these designated parties in privity. See also ¶ 7 thereof. As such, the emergency arbitrator will be asked to grant this court-ordered injunctive relief directed toward these 13 parties in privity, requiring them to cease and desist from their refusal to respect all of the terms and conditions of this court-sanctioned Offer of Judgment, which have served to impair these 3 defendants' efforts to comply with their obligations due this Plaintiff, as embodied in the Assignments that underlie this entire proceeding. See ¶'s 2(c), (d) and 5 of this Offer of Judgment at pages 1 and 2 thereof.

     As an integral element of this request for injunctive relief, this court-sanctioned Offer of Judgment has already waived any requirement, whatsoever, of a bond posting by either this Plaintiff or these 3 defendants. Again, see ¶ 7 of this Offer of Judgment at pages 2 thru 3 thereof.

     By service of a copy of this Notice, as denoted below, ALL of the direct parties to the court proceeding, plus these 13 court-designated parties in privity, have been properly notified in accordance with your organization's notice requirement. Also, I stand ready and able to remit the required processing fee, as per your Standard Fee Schedule, for this non-monetary proceeding as soon as I hear back from you as to the form this payment should take along with any routing/delivery instructions.

     As per the court's order, as delineated in ¶'s 5, 8, 9, 11 and 12, at pages 2, 3 and 4 of this Offer of Judgment, it is contemplated that, at a later date, a second commercial arbitration proceeding, which is to be monetary in nature, will be initiated and conducted by your organization. At that time, discovery will be obtained and certain individuals, already determined by the court to be parties in privity hereto, some of whom are identified in the document denoted in ¶ 2(e) thereof, will be required to formally appear and show cause as to why they personally should not be assessed ALL of the financial reparations awarded by the court in its final judgment.

     With respect for the foregoing, please forward this Notice, if appropriate, to the office of your organization which covers the Nevada state, requesting the immediate appointment of the emergency arbitrator. I look forward to your kind, prompt and warranted response to these matters.

                                                  Sincerely,

                                      by: _____
                                        VIANA V. BAILEY
                                        Plaintiff
                                        124 N. Virginia Avenue
                                        Atlantic City, N.J. 08401
                                        Phone: (609)742-7804
                                        Email: vibailey6@gmail.com

encls.
cc: WILLIAM OSCAR HARRIS,
    ROBERT DAVID NEAL, and
    RALPH TAYLOR
    c/o 907 Cornerstone Place
    Las Vegas, NV 89031, and

Charles E. Samuels, Jr., Kathleen M. Kenney, Paul M. Laird, Richard W. Schott, Charles A. Daniels, Leann LaRiva, Michael Sample, Clint Swift, Katherine Seireveld, Evelyn Keller, F. Timothy Coleman, Travis Weber and Mark Smith
c/o FBOP
320 First Street, NW
Washington, D.C. 20534

EXHIBIT A

## ARBITRATION AGREEMENT AND CONTRACT

For the due consideration as provided in the accompanying Assignment between the Parties of the even date, i.e. sentients, known by the names of VIANA V. BAILEY, as Assignee, and WILLIAM OSCAR HARRIS, as Assignor, with which this instant Arbitration Agreement and Contract ("Agreement"), is conclusively ratified and fully incorporated therein for the enforcement thereof, the parties do agree and confirm as follows:

1. In accordance with the Federal Arbitration Act as evidenced by 9 USCS § 1 et seq., the laws of the states of California, Indiana, New Jersey, Pennsylvania, Nevada and the District of Columbia or otherwise, ALL past, present and future controversies, claims, disputes and/or issues arising out of this proper Assignment, re Invoice Nos. NC72012-2, DJN 060850-T7 and RL71132-4, including the underlying arbitration agreement provisions of these said proper Invoices, shall be subject to compulsory and binding arbitration.

2. The arbitrator(s) appointed hereunder, and NOT any federal, state or local court or agency, shall have exclusive jurisdiction and authority to resolve any dispute relating to the interpretation, applicability, enforceability and/or formation of this Agreement, including but not limited to any and all claims that this Agreement and the proper Assignment are void or voidable.

3. Any such claim shall subject the Parties, giving three (3) days Notice, to compulsory and binding arbitration conducted by the American Arbitration Association ("AAA"), in accordance with the AAA's Commercial Arbitration Rules, which shall govern the proceeding.

4. The judgment on the award rendered by the arbitrator(s) may be entered into any court having jurisdiction thereof for execution and enforcement.

5. Such arbitration shall be conducted by a panel constituted of three (3) arbitrator(s), one (1) each selected by the two (2) Party(ies) to the arbitration, and a third arbitrator selected by the two (2) chosen arbitrator(s). All arbitration proceedings shall be held at a mutually agreeable location. The arbitrator(s) shall all be members, in good standing, of the AAA.

6. The decision of the arbitrator(s) shall be final and binding upon the Parties to the arbitration, and no statutory right or otherwise shall exist to relitigate the issues involved.

7. Any and all costs and fees, including any pre-award expenses and fees of any kind, whatsoever, associated with the arbitration, whether for monetary or non-monetary claims, shall be borne solely by the Party who has refused, neglected or failed to comply with the Assignment, thus compelling an arbitration resolution.

8. The judgment on the award shall be rendered by the arbitrator(s) no later then three (3) calendar days from the date of the closing of the hearing, which is inclusive of the AAA's transmittal of the final statement and proofs to the arbitrator(s).

Further, this Agreement shall be deemed to be valid, irrevocable and enforceable upon the Parties. Respectfully done, prepared, signed and presented this 16th day of June, Common Era 2015.

by: _____
VIANA V. BAILEY
Assignee
3 Manitoba Avenue
Brigantine, N.J. 08203

by: _____
WILLIAM OSCAR HARRIS
Assignor
907 Cornerstone Place
Las Vegas, NV 89031

3 of 3

PROMISSORY NOTE - EXTENSION NO. 1

I, VIANA V. BAILEY, as the Assignee of three (3) proper invoices from Assignor, WILLIAM OSCAR HARRIS, the Priority Claim Holder thereof, do promise to pay this Assignor, on or before a 365 extension period from the due date of the original Promissory Note of June 15, 2016, re the following:

        Invoice No. NC72012-2 - Ninety Percent (90%);

        Invoice No. DJN060850-T7 - Ninety-five (95%), and

        Invoice No. RL71132-4 - Ninety Percent (90%)

for the value received hereto prior to this extension period, or ten (10) days of their due liquidation and collection, which ever comes first, without defalcation for the value received, and as-is unconditionally due.

Extended Due Date: June 16, 2017

_____
Assignee's/Maker's Signature

VIANA V. BAILEY
Assignee's/Maker's Printed Name

124 N. Virginia Avenue
Assignee's/Maker's Street Address

Atlantic City, New Jersey 08401
Assignee's/Maker's City and State

Accepted and agreed to:

Date: June 15, 2016

by: _____
WILLIAM OSCAR HARRIS
Assignor/Priority Claim Holder
907 Cornerstone Place
Las Vegas, NV 89031