1

2

3

4

5                    **UNITED STATES DISTRICT COURT**

6                          **DISTRICT OF NEVADA**

7

8    VIANA B. BAILEY,                        )
                                             )
9                      Plaintiff,            )      Case No. 2:15-cv-02279-JAD-GWF
                                             )
10   vs.                                     )      **REPORT AND**
                                             )      **RECOMMENDATION**
11   WILLIAM OSCAR HARRIS, et al.,           )
                                             )
12                     Defendants.           )
                                             )
13   —————————————————————————————           )

14          This matter is before the Court on the parties failure to show cause why this matter should

15   not be dismissed for lack of an actual dispute and lack of prosecution.

16                                **BACKGROUND**

17          On December 2, 2015, Plaintiff Viana B. Bailey filed her Complaint (ECF No. 1) setting

18   forth her demand for arbitration pursuant to arbitration agreements between Plaintiff and

19   Defendants William Oscar Harris, Robert David Neal, and Ralph Taylor.  On September 7, 2016,

20   Plaintiff filed Notices of Acceptance of Offer of Judgment (ECF No. 7, 8, 9) and her Motion for

21   Final Judgment based on the offers of judgment (ECF No. 10).  On October 5, 2016, a Motion for

22   Modification of Deemed Final Judgment (ECF No. 11) was filed purportedly on behalf of

23   Defendant Ralph Taylor.

24          With the exception of Defendant Ralph Taylor, none of the Defendants have appeared in

25   this matter.  Mr. Kenneth Taylor is not a party to this action, but signed the Motion for

26   Modification purportedly on behalf of Defendant Ralph Taylor.  Mr. Kenneth Taylor signed the

27   offer of judgment purportedly on behalf of Defendants William Oscar Harris, Robert David Neal,

28   and Ralph Taylor.  *See* ECF No. 10-2.  Mr. Kenneth Taylor appeared for a status conference in this

action on November 22, 2016 and represented that he was the power of attorney for the Defendants. *See* ECF No. 16.

On January 13, 2017, the Court ordered the parties to show cause in writing by February 10, 2017 why this matter should not be dismissed for lack of an actual dispute and lack of prosecution. The Court also instructed the parties to retain counsel who shall file an appearance according to the Local Rules of Practice or to file a notice with the Court that he or she will be appearing in this matter pro se. On January 31, 2017, Mr. Kenneth Taylor filed a notice (ECF No. 18) purportedly on behalf of the Defendants informing the Court that he will file a response to the Court's order to show cause on June 12, 2017. Mr. Kenneth Taylor represents that he is appearing on behalf of the Defendants as their power of attorney. *See* ECF No. 18. On February 9, 2017, Plaintiff filed her response. ECF No. 20. She stated that there is no longer a controversy before the Court because of her acceptance of offers of judgment and requests that final judgment be entered.

### DISCUSSION

#### A.      Failure to Retain Counsel

Although an individual is entitled to represent himself or herself, non-attorneys are not permitted to represent, or appear in court on behalf of, any other person. *Handley v. Bank of Am., N.A.*, 2010 WL 4607014, at *1 (D. Nev. Nov. 4, 2010) (citing *Salman v. Newell*, 110 Nev. 1333, 885 P.2d 607, 608 (Nev.1994)). *See also Jackson v. United Artists Theatre Circuit, Inc.*, 278 F.R.D. 586, 596 (D. Nev. 2011). An individual does not have the right to be represented by an agent other than counsel in a court of law. *Handley*, 2010 WL 4607014, at *1. NRS § 7.285 prohibits the unauthorized practice of law. *Id.*

The Court instructed the parties to retain counsel or to file a notice with the Court that he or she will be appearing in this matter pro se by February 10, 2017. To date, Defendants have failed to do so. Mr. Kenneth Taylor is not an attorney and is not permitted to represent the Defendants in this action. Pursuant to NRS § 7.285, the Defendants cannot delegate representation to Mr. Kenneth Taylor. It does not appear that Defendants have filed anything in this matter on their own behalf. Defendants, therefore, failed to comply with this Court's order.

## B.      Lack of Case or Controversy

Article III of the Constitution limits the jurisdiction of the federal courts to cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1. "The doctrine of mootness, which is embedded in Article III's case or controversy requirement, requires that an actual, ongoing controversy exist at all stages of federal court proceedings." *Banks v. Robinson*, 2011 WL 5877542, at *1 (D. Nev. Nov. 22, 2011) (quoting *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086 (9th Cir. 2011)). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" of the litigation. *Pitts*, 653 F.3d at 1086. Federal courts lack the constitutional authority to decide moot cases. *Id.* at 1087. If events subsequent to the filing of the case resolve the parties' dispute, the court must dismiss the case as moot. *Id.*

The Court instructed the parties to show cause in writing why this matter should not be dismissed for lack of an actual dispute and lack of prosecution. The parties have failed to present a discernible issue in dispute or that the parties have a legally cognizable interest in the outcome of the litigation. Plaintiff's claims are unclear and she even represents that there is no longer a controversy before the Court. Further, the Court reiterates that the documents filed by both parties appear to be created from the same source and are similarly formatted. The Defendants have not filed any documents on their own behalf. As such, there does not appear to be an actual dispute between real parties. Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's Complaint (ECF No. 1) be **dismissed**.

**IT IS FURTHER RECOMMENDED** that the Clerk of the Court be instructed to close this case and enter judgment accordingly.

. . .

. . .

. . .

. . .

. . .

. . .

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 31st day of May, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge